UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Martin and Julie Martin

   v.                                     Civil No. 18-cv-489-LM
                                               Opinion No. 2018 DNH 173

Wells Fargo Bank, N.A. and Amy Azza

O R D E R

Michael and Julie Martin brought suit against Wells Fargo Bank, N.A. ("Wells Fargo") and Amy Azza asserting claims for wrongful foreclosure and intentional infliction of emotional distress against Wells Fargo, and a claim for fraud against both defendants. Defendants moved to dismiss, arguing that all the claims were barred by res judicata. Judge Barbadoro denied the motions.[1] Wells Fargo moves for partial reconsideration of Judge Barbadoro's order, arguing that he erred in finding that plaintiffs' claim for intentional infliction of emotional distress was not barred by res judicata.

**STANDARD OF REVIEW**

Granting reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan

---

[1] After Judge Barbadoro ruled on defendants' motions to dismiss, he recused himself from the case and the matter was reassigned to the undersigned judge.

Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)). For that reason, reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

## BACKGROUND

Prior to this case, plaintiffs brought two lawsuits against Wells Fargo. Plaintiffs asserted a claim for intentional infliction of emotional distress in both of those cases. Wells Fargo contends that in light of the court's orders dismissing those claims in both cases, the doctrine of res judicata bars that same claim in this lawsuit.

I. Plaintiffs' Prior Lawsuits Against Wells Fargo

In Martin v. Wells Fargo Bank, N.A. et al., 15-cv-447-LM ("Martin I"), plaintiffs asserted claims against Wells Fargo for wrongful foreclosure, intentional infliction of emotional distress, and declaratory relief. The court granted Wells Fargo's motion to dismiss, noting that all of plaintiffs' "claims against Wells Fargo are based on the allegation that Wells Fargo does not have the legal authority to foreclose on

their home."  Martin v. Wells Fargo Bank, N.A., No. 15-cv-447-LM, 2016 WL 1611113, at *3 (D.N.H. Apr. 21, 2016).  The court held that because the exhibits attached to plaintiffs' complaint showed that Wells Fargo had the authority to foreclose on their home, plaintiffs failed to state any plausible claims for relief against Wells Fargo.

Plaintiffs then brought a second suit against Wells Fargo. See Martin v. Wells Fargo Bank, N.A. et al., 17-cv-538-PB ("Martin II").  In Martin II, plaintiffs asserted claims against Wells Fargo for fraudulent concealment, intentional infliction of emotional distress, and declaratory relief.  Wells Fargo moved to dismiss, arguing that plaintiffs' claims were barred by the doctrines of res judicata and collateral estoppel.  With respect to plaintiffs' claim for intentional infliction of emotional distress, Wells Fargo argued: "Essentially, Plaintiffs allege that Wells Fargo caused emotional distress when it attempted to foreclose on Plaintiffs' Property in which Wells Fargo purportedly had 'no right, title, or interest.'"  Martin II, doc. no. 4-1 at 15.  Wells Fargo contended that all of the claims asserted in both Martin I and Martin II were "predicated on the same nucleus of operative (alleged) facts, including that Plaintiffs' mortgage loan was allegedly fraudulently and improperly originated and sold in 2009 and that Wells Fargo lacks any interest in the Property and has no power to foreclose

3

because it does not hold the Mortgage or Note." Id. at 6. On December 20, 2017, the court in Martin II granted Wells Fargo's motion to dismiss, stating in an endorsed order that for "the reasons set forth in the memorandum of law filed in support of defendants' motion to dismiss, the plaintiffs' claims are barred by res judicata."

II. The Instant Case

Plaintiffs then brought this lawsuit against Wells Fargo and Azza asserting claims for wrongful foreclosure and intentional infliction of emotional distress against Wells Fargo, and a claim for fraud against both defendants. Defendants moved to dismiss all claims, arguing that they were barred by res judicata in light of both Martin I and Martin II. On July 3, 2018, Judge Barbadoro denied the motions to dismiss in an endorsed order, stating:

> Although I agree that Plaintiffs are barred by res judicata from relitigating claims that were resolved by the dismissal of the prior lawsuits, I am not persuaded on the present record that res judicata requires the dismissal of the current action. The current action challenges the November 7, 2017 foreclosure sale and a subsequent eviction proceeding. These proceedings were not at issue in the prior lawsuits and the record does not reveal whether plaintiffs were even aware of the proceedings at any point prior to the dismissal of the prior actions. Accordingly, I cannot conclude on this record that Plaintiffs had a full and fair opportunity to litigate their current claims in the prior actions.

4

Wells Fargo moves for partial reconsideration of that order, arguing that Judge Barbadoro committed a manifest error of law in failing to find that plaintiffs' claim for intentional infliction of emotional distress is barred by res judicata.

**DISCUSSION**

Res judicata precludes parties from relitigating claims that were raised or could have been raised in an action for which a final judgment has been issued. Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir. 1999). Under the federal law standard,[2] three elements must exist for res judicata to apply: (1) a final judgment on the merits in an earlier suit; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the earlier and later suits. Havercombe v. Dep't of Educ. of P.R., 250 F.3d 1, 3 (1st Cir. 2001) (citing Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991)). To determine whether there is sufficient identity between two causes of action, the court asks whether they "were sufficiently related, that is, if they were

---

[2] "Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 582 (1st Cir. 1995). Because the earlier judgment in this case was rendered by a federal court, the preclusive effect of that judgment in the instant case is governed by federal res judicata principles.

5

founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." Kale, 924 F.2d at 1166. The party asserting the defense of res judicata bears the burden of proof as to the defense. See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011).

Wells Fargo asserts that plaintiffs' intentional infliction of emotional distress claim in this case is based on the allegation that Wells Fargo made several "robo-calls" in 2015 to their cell phones, even after plaintiffs told Wells Fargo to stop. It states that this allegation formed the basis of plaintiffs' intentional infliction of emotional distress claim in Martin II, which the court dismissed. Wells Fargo contends, therefore, that dismissal of plaintiffs' intentional infliction of emotional distress claim on res judicata grounds is appropriate.

Wells Fargo's argument is misplaced. As discussed supra, Wells Fargo successfully moved to dismiss plaintiffs' intentional infliction of emotional distress claim in Martin II on res judicata grounds based on Martin I, arguing that the claim in both cases was premised on Wells Fargo's lack of authority to foreclose. In both its motion to dismiss and its motion for reconsideration in this case, Wells Fargo conveniently ignores that fact. Instead, it seizes on a single

allegation in plaintiffs' complaint in Martin II that references Wells Fargo's alleged robo-calls. Ignoring its own arguments and the holdings of the courts' orders in Martin I and Martin II, Wells Fargo now argues that allegations concerning its 2015 robo-calling "formed the basis of Plaintiffs' [intentional infliction of emotional distress] claim in Martin II" which the court dismissed "based on the res judicata effect of Martin I." Doc. no. 6-1 at 8; see doc. no. 12-1 at 2-3. That is simply not the case.

Plaintiffs' intentional infliction of emotional distress claim does not arise out of the same nucleus of operative fact as the claims asserted in Martin I and Martin II. Therefore, Wells Fargo has not demonstrated that Judge Barbadoro made a manifest error of law in denying its motion to dismiss as to plaintiffs' intentional infliction of emotional distress claim.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion for reconsideration (doc. no. 12) is denied.

SO ORDERED

_____
Landya McCafferty
United States District Judge

August 29, 2018
cc: Julie A. Martin pro se
    Michael C. Martin, pro se

7

Derek Anthony Castello, Esq.
David D. Christensen, Esq.
William A. Staar, Esq.
Brian Andrew Suslak, Esq.